IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| K&D, LLC t/a CORK,<br>c/o Veritas Law<br>1225 19th Street, NW<br>Suite 320<br>Washington, DC 20036,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>TRUMP OLD POST OFFICE, LLC,<br>c/o National Registered Agents Inc.<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20005,<br><br>　　and<br><br>DONALD J. TRUMP, *individually, and in his personal capacity*,<br>1600 Pennsylvania Avenue, NW<br>Washington, DC 20500,<br><br>　　　　*Defendants*. | Civil Action No. 17-731 |

### NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1442(a)(1) and § 1446, defendant Donald J. Trump hereby notifies the Court of the removal of the above-captioned action from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia, and in support of removal states:

**Pleadings And Proceedings To Date**

1.　　On March 9, 2017, plaintiff K&D, LLC t/a Cork filed a complaint in the Superior Court of the District of Columbia, Civil Division, under the caption *K&D, LLC t/a Cork v. Trump Old Post Office, LLC, et al.*, Case No. 2017 CA 001560 B.

1

2. On March 10, 2017, the D.C. Superior Court entered its initial order, setting an initial scheduling conference for June 9, 2017.

3. On March 20, 2017, the complaint and a summons were delivered to President Trump through email to his counsel, who confirmed acceptance of service on the President's behalf the following day.

4. On March 21, 2017, the complaint and a summons were served on President Trump's co-defendant, Trump Old Post Office, LLC ("OPO").

5. On March 27, 2017, counsel for President Trump and the plaintiff jointly filed a praecipe agreeing to a twenty-day extension of President Trump's deadline to respond to the complaint.

6. On April 3, 2017, counsel for the plaintiff and for OPO jointly filed a praecipe agreeing to a twenty-day extension of OPO's deadline to respond to the complaint.

7. On April 4, 2017, counsel for President Trump filed a motion for admission *pro hac vice* of Eric W. Sitarchuk, which was granted by the court on April 10, 2017.

8. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all the above process, pleadings, and orders served on the defendants in this action are collected and attached as Exhibit A. There have been no other process, pleadings, and orders served on the defendants to date.

**The Complaint's Allegations**

9. The plaintiff's complaint alleges that the defendants are liable under District of Columbia law for the tort of unfair competition, on the grounds that the restaurant and bars at Trump International Hotel (collectively, "the Hotel"), which are operated by OPO in Washington, D.C., unfairly compete with the plaintiff's restaurant and bar, which is also located in the District. Compl. ¶¶ 3, 12-19, 29, 33-42; *id.* at p. 11.

10. The complaint alleges that President Trump has beneficial interests in the Hotel and sues him in his individual and personal capacity. Compl. ¶ 5.

11. The complaint specifically disavows any challenge to defendants' actions before "January 20, 2017, when Defendant Donald J. Trump began serving as President." Compl. ¶ 31.

12. The complaint alleges that President Trump has taken several acts in his official capacity that in the plaintiff's view "promote the Hotel to maximize its exposure and income-producing potential" rather than "avoid exploiting [his] public office for private gain." Compl. ¶ 20.

13. The complaint further alleges that the Hotel's competition is unfair because the Hotel defaulted on its lease with the federal government by virtue of the fact that defendant Trump became President. *See* Compl. ¶¶ 35-39.

14. The gravamen of the complaint is thus that the Hotel's business activities constitute unfair competition *because* President Trump is the President of the United States. *See* Compl. ¶ 31.

15. That is confirmed by the relief that the plaintiff seeks: an injunction ordering defendants to cease the alleged unfair competition, which according to the plaintiff can be done by (a) the Hotel's closure for the duration of the Trump Presidency, (b) a prompt and full sale of the Hotel outside of the Trump family, or (c) President Trump's resignation from office. Compl. ¶ 42.

16. In this way, the complaint alleges that it is unlawful for the President to remain President unless he complies with D.C. tort law as the plaintiff characterizes it.

**Grounds For Removal**

17. The federal officer removal statute, 28 U.S.C. § 1442, authorizes removal of this case.

18. Section 1442(a)(1) states, in relevant part, that "[a] civil action . . . that is commenced in a State court" may be removed to the associated federal district court if it is "against or directed to . . . any officer . . . of the United States . . . in an official or individual capacity, for or relating to any act under color of such office."

19. The Supreme Court has long instructed that this statute, unlike other bases for removal, must *not* be interpreted narrowly. *E.g.*, *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999).

20. Suits against federal officers may be removed whether or not the complaint itself raises a federal question, so long as the federal officer defendant raises a colorable federal defense and shows a nexus between the complained-of conduct and the federal officer's official authority. *Id.*; *see also In re Commw.'s Motion to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 467, 471-72 (3d Cir. 2015) (noting that Congress amended § 1442(a) after *Acker* to further "'broaden the universe of acts that enable Federal officers to remove'" and "'to ensure that any individual drawn into a State legal proceeding based on that individual's status as a Federal officer has the right to remove the proceeding to a U.S. district court[.]'" (quoting H.R. Rep. No. 112-17, pt. 1 (2011), *reprinted in* 2011 U.S.C.C.A.N. 420, 420, 425)).

21. The Supreme Court has specifically countenanced removal where a federal officer's defense is based on the fact that local law makes it "unlawful" for the officer to engage in his federal occupation without satisfying local legal requirements. *Acker*, 527 U.S. at 432.

22. The Supreme Court has also countenanced removal of actions brought in state court against the sitting President of the United States, *see Clinton v. Jones*, 520 U.S. 681, 691 (1997), at least where a colorable presidential immunity defense is raised. The Supreme Court

has recognized that the President is absolutely immune from personal liability that arises out of his presidential office and that concerns actions that he takes in that role. *See Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982).

23. Both federal defenses, and both grounds for federal-officer removal, apply here. As recounted above, the complaint alleges that it is unlawful for the President to remain President unless he complies with the plaintiff's understanding of D.C. law, and the complaint seeks to impose personal liability that arises out the Presidency and that concerns actions the President has allegedly taken as President.

## Timeliness Of Removal

24. This notice of removal has been timely filed within 30 days of the service of the complaint and summons on President Trump. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); 28 U.S.C. § 1446(b)(1).

## Venue

25. This Court is the proper venue for removal because it is "the district court of the United States for the district and division embracing the place wherein [the State court action] is pending." 28 U.S.C. § 1442(a). The D.C. Superior Court qualifies as a "State court" for these purposes. *Id.* § 1442(d)(6).

## Co-Defendant's Consent

26. Although it is not necessary for co-defendant OPO to join in the removal of this action under § 1442, *see, e.g., Bradford v. Harding*, 284 F.2d 307, 309-10 (2d Cir. 1960) (Friendly, J.), counsel for President Trump have conferred with counsel for OPO, and OPO consents to this removal.

**Notifications**

27. President Trump will provide prompt written notice to the plaintiff, through counsel, of this removal in accordance with 28 U.S.C. § 1446(d).

28. President Trump will file a copy of this notice of removal with the clerk of the Superior Court of the District of Columbia in accordance with 28 U.S.C. § 1446(d).

**Non-Waiver Of Defenses**

29. President Trump reserves all defenses or objections he may have to this action.

**CONCLUSION**

For these reasons, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court.

Respectfully submitted,

Date: April 19, 2017  /s/ Jason R. Scherr

Eric W. Sitarchuk (*district court application pending*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
T. 215.963.5000
eric.sitarchuk@morganlewis.com

Allyson N. Ho (Bar No. 477589)
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
T. 214.466.4000
allyson.ho@morganlewis.com

Jason R. Scherr (Bar No. 466645)
Michael E. Kenneally (Bar No. 1025767, *district court application pending*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T. 202.739.3000
jr.scherr@morganlewis.com
michael.kenneally@morganlewis.com

*Counsel for Defendant Donald J. Trump*

## CERTIFICATE OF SERVICE

I certify that today, April 19, 2017, I caused a true and accurate copy of the foregoing notice of removal and the attached exhibits to be served by first-class U.S. Mail, postage prepaid, and by email on counsel of record listed below:

Scott H. Rome
Andrew J. Kline
Christopher LaFon
THE VERITAS LAW FIRM
1235 19th Street, NW, Suite 320
Washington, DC 20036

Mark S. Zaid
Bradley P. Moss
MARK S. ZAID, P.C.
1250 Connecticut Avenue, NW, Suite 200
Washington, DC 20036

Alan B. Morrison
GEORGE WASHINGTON UNIVERSITY LAW SCHOOL
2000 H Street, NW
Washington, DC 20052

Steven L. Schooner
GEORGE WASHINGTON UNIVERSITY LAW SCHOOL
2000 H Street, NW
Washington, DC 20052

*Counsel for Plaintiff K&D, LLC t/a Cork*

Rebecca Woods
SEYFARTH SHAW LLP
975 F Street, NW
Washington, DC 20004

*Counsel for Defendant Trump Old Post Office, LLC*

Date: April 19, 2017        /s/ Jason R. Scherr
                            Jason R. Scherr

                            *Counsel for Defendant Donald J. Trump*