UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **K&D, LLC t/a CORK,** | * |
| Plaintiff, | * |
| v. | * |
| | *   Civil Action No. 17-731 (RJL) |
| **TRUMP OLD POST OFFICE, LLC** | * |
| **et al.** | * |
| Defendants. | * |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF ITS MOTION TO REMAND

Plaintiff seeks a stay of briefing the Defendants' motions to dismiss while the Court considers and rules upon its Motion to Remand.

This is an action originally filed in D.C. Superior Court by Plaintiff K&D, LLC, which owns and operates Cork Wine Bar ("Cork") in Washington, D.C.  The Complaint, which only seeks injunctive relief, is based entirely on a single cause of action of unfair competition under District of Columbia law.  The principal defendant is Trump Old Post Office, LLC ("OPO"), which owns and operates the Trump International Hotel in the District of Columbia and the restaurant and catering services operated therein (the "Hotel").  Defendant Trump filed a Notice of Removal to this Court on April 19, 2017 and Defendant OPO filed its Notice of Removal on April 20, 2017.  On May 10, 2017, Defendants Trump and OPO filed motions to dismiss the action in its entirety.  On May 18, 2017, Cork moved to remand this action to D.C. Superior Court on the basis that Defendant Trump has no colorable federal defense upon which to base removal under the Officer Removal Statute, 28 U.S.C. § 1442(a)(1) and that removal by Defendant OPO was without support as Cork chose to rely solely on non-federal grounds in its

Complaint.  Cork seeks a stay of briefing of those motions (until 14 days) following the Court's determination of its Motion to Remand for purposes of economy and efficiency.[1]

## ARGUMENT

### CORK'S MOTION TO STAY SHOULD BE GRANTED.

Cork's Motion to Remand is well grounded in fact and law and this Court should not proceed to the merits of this action until it determines jurisdiction.  Briefing and analyzing Defendant's motions to dismiss would require judicial and the litigants' time, energy and resources that may be in large part for naught should this Court determine, we argue properly, that this case should be decided by the Superior Court.

It has long been settled that a federal court cannot determine the merits of an action in which it does not have jurisdiction:  "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. 506, 514 (1868).  In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-101 (1998), the Supreme Court emphasized that a court may not resolve contested questions of law on the assumption that jurisdiction exists.  A federal court may not proceed to the merits of a case without first verifying that it has jurisdiction under Article III of the Constitution.  *Id.* at 101-02.  What *Steel Co.* forbids is a court's assuming law-declaring power by deciding the merits of a case in the absence of verified subject matter jurisdiction.  *See, e.g.*, Scott C. Idleman, *The Demise of Hypothetical Jurisdiction in the Federal Courts*, 52 Vand. L. Rev. 235, 333 & n.409 (1999) (quoting *In Re Minister Papandreou*, 139 F.3d 247, 255

---

[1] Defendants have agreed to an extension of twenty-one (21) days beyond the current deadline for responding to their motions to dismiss, although they oppose a stay until the motion to remand is ruled upon.

(D.C. Cir. 1998)). However, granting a stay is not adjudicating the merits of a case. *See, e.g., Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1046-47 (E.D. Wis. 2001).

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706, 137 L. Ed. 2d 945, 117 S. Ct. 1636 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

This Court has previously stayed briefing on motions to dismiss when a motion to remand the case to DC Superior Court was pending. *See Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 274 n.2 (D.D.C. 2011)

Here, there would be very little prejudice, if any, to Defendants if this Court grants a stay. Should the Court deny the motion to remand, the Defendants' motions to dismiss the case would be fully briefed and decided by this Court. The only prejudice would be a delay in that ruling during period in which the Court would consider Cork's Motion to Remand.

Conversely, there would be hardship and inequity if the Court denied this Motion to Stay. Chiefly, Cork would be actively confronted with motions to dismiss in a Court in which it has a pending motion arguing that this Court does not have jurisdiction to decide this action. Defendants' motions to dismiss concern federal defenses, including that the claim is barred under federal officer immunity and preempted due to the Supremacy Clause of the Constitution, and defenses involving the common law claim of unfair competition. *See, e.g.*, Dkt. Doc. 8; Dkt. Doc. 10. Because those federal defenses

may be negated in whole or in part by this Court's ruling on Cork's Motion to Remand, if Cork were forced to respond to the motions to dismiss prior to that ruling, Cork would have to expend time, resources and effort to respond to some issues in the motions that may become moot should the Court grant its Motion to Remand.

Further, judicial resources would be saved by entering a stay. The Court would not expend time and resources analyzing fully briefed motions to dismiss while analyzing its own jurisdiction.

Cork seeks only a temporary stay of proceedings until fourteen (14) days after the Court rules on its Motion to Remand for the benefit of efficiency and economy. Weighing the lack of prejudice to the Defendants and the hardship and inequity faced by Cork, ample support for a stay exists.

**CONCLUSION**

For the foregoing reasons, Cork's Motion to Stay this case should be granted and Cork should only be required to respond to the Defendants' motions to dismiss if this Court denies the motion to remand.

**Date: May 24, 2017**

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Scott H. Rome (D.C. Bar #476677) | Mark S. Zaid (D.C. Bar #440532) |
| (*co-lead counsel*) | (*co-lead counsel*) |
| Christopher LaFon (D.C. Bar #483740) | Bradley P. Moss (D.C. Bar #975905) |
| (*admission pending*) | MARK S. ZAID, P.C. |
| THE VERITAS LAW FIRM | 1250 Connecticut Avenue, N.W. |
| 1225 19th Street, N.W. | Suite 200 |
| Suite 320 | Washington, D.C. 20036 |
| Washington, D.C. 20036 | (202) 454-2809 |
| (202) 686-7600 | Mark@MarkZaid.com |
| srome@theveritaslawfirm.com | |

/s/

Alan B. Morrison (D.C. Bar #073114)
Lerner Family Associate Dean for
Public Interest and Public Service Law
GEORGE WASHINGTON UNIVERSITY
LAW SCHOOL
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7120
abmorrison@law.gwu.edu

*Counsel for Plaintiff K&D, LLC, t/a Cork*