IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| K&D, LLC t/a CORK,<br><br>        *Plaintiff*,<br><br>   v.<br><br>TRUMP OLD POST OFFICE, LLC,<br><br>  and<br><br>DONALD J. TRUMP, *individually, and in his personal capacity*,<br><br>        *Defendants*. | Civil Action No. 17-731 (RJL) |

**DONALD J. TRUMP'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Plaintiff seeks to impose personal liability on the sitting President of the United States under a legal theory that *depends* on the fact that he is President. *See* Compl. ¶ 31; Remand Mem. 14 (Dkt. 12-2). President Trump, in response, has removed the case from D.C. Superior Court (Dkt. 1) and moved to dismiss because, among other reasons, the suit is barred by absolute presidential immunity and the Constitution's Supremacy Clause (Dkt. 8). Plaintiff contends there is insufficient jurisdiction for removal, but as shown in President Trump's remand opposition brief (Dkt. 17), that jurisdictional challenge is completely without merit. President Trump need only demonstrate (1) a colorable—*i.e.*, nonfrivolous—federal defense with (2) some connection to the defendant's federal office. *E.g.*, *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999); *Zeringue v. Crane Co.*, 846 F.3d 785, 790-93 (5th Cir. 2017). He readily clears that low bar, especially when Plaintiff has failed to advance any argument against President Trump's Supremacy Clause defense.

1

Now Plaintiff asks this Court to postpone the remaining briefing and ruling on Defendants' motions to dismiss until two weeks after the remand motion is resolved. Stay Mem. (Dkt. 14-1); Suppl. Mem. (Dkt. 18).  That makes no sense.  Because remand turns on whether the federal defenses in President Trump's motion to dismiss are colorable, Plaintiff's proposal would likely require the Court to consider those defenses twice—first on remand while turning a blind eye to their fuller presentation in the motion to dismiss, and second on the merits after dispensing with the remand motion.  Worse, that proposal would yield no real benefit for Plaintiff, who by Defendants' consent and this Court's order already has more than enough time to respond to the motions to dismiss (Dkts. 13, 15).  But the stay would add delay in President Trump's efforts to resolve this litigation and likely require him to present his immunity arguments two times, perhaps in separate oral arguments.  That would undermine the benefits for which absolute presidential immunity exists: protecting the President from the burdens and distractions of litigation.  Plaintiff's stay motion should be denied.

## ARGUMENT

As the party seeking the stay, Plaintiff "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  Plaintiff "must make out a *clear case* of hardship or inequity in being required to go forward, if there is even a *fair possibility* that the stay for which he prays will work damage to some one else."  *District of Columbia ex rel. Strittmatter Metro, LLC v. Fid. & Deposit Co. of Md.*, 208 F. Supp. 3d 178, 185 (D.D.C. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)) (emphasis added).  Plaintiff fails to do so, offering only extraneous thoughts on jurisdiction, an inapposite case citation, and conclusory assertions that ignore the point of presidential immunity.

No one disputes that this Court cannot decide the merits of this case if it lacks jurisdiction. But no one asks this Court to do so.  The question is whether to observe the parties'

mutually agreed briefing schedule (Dkt. 13) so that the Court may efficiently consider the merits of the case, which substantially overlap with the remand question, if and when the Court finds it has jurisdiction to do so.  And because Plaintiff's jurisdictional worries lack any merit, they are "not enough to bring this action to a halt."  *Dist. Title v. Warren*, No. 14-1808, 2015 WL 12964658, at *4 (D.D.C. June 15, 2015) (holding that stay movants had "not satisfied their burden to establish the need for a stay" when their motion was premised on meritless standing concerns).  Even if they had merit, a stay would be unnecessary, for a court always has the power to dismiss a case for lack of jurisdiction, even if the merits have been fully briefed.

Plaintiff finds no support for its requested stay in the lone case it cites as evidence of this Court's previous practice, *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 274 n.2 (D.D.C. 2011).  *See* Stay Mem. 3.  Although the Court did issue a stay in that case, the stay motion was *unopposed*.  *Busby v. Capital One, N.A.*, No. 1:10-cv-01025-RMU (D.D.C. Sept. 10, 2010) (minute order granting the plaintiff's "unopposed" motion).  Here, President Trump opposes a stay, and with good reason.  Plaintiff's motion to remand and President Trump's motion to dismiss involve substantially overlapping legal issues because (unlike in *Busby*) removal is principally based on the very same defenses presented in President Trump's motion to dismiss.  This is not a case where remand might turn on matters wholly independent of the motion to dismiss, such as the amount in controversy in diversity removal.  In ruling on the propriety of removal in this case, the Court must decide whether President Trump's defenses are colorable, which requires a preview of their merits.  A stay would be inefficient for everyone, including the Court, because after the initial look at the defenses, they would reappear at the merits stage on more fully developed arguments.  And because oral argument has been requested for both the

motions to dismiss (Dkts. 8, 10) and the motion to remand (Dkt. 12-2), this could lead to multiple hearings on those defenses.

Plaintiff's bare assertions of "hardship and inequity" are implausible. Stay Mem. 3. President Trump's motion to dismiss raises just three issues: his two federal defenses and the merits of Plaintiff's unfair competition claim under D.C. common law. Plaintiff has already briefed the two defenses, arguing that they are not even colorable. Remand Mem. 5-11. No significant burden should flow from Plaintiff advancing the more modest argument that the defenses are not meritorious. And eventually Plaintiff will have to respond to the D.C. common law arguments in one forum or the other. Plaintiff has more than enough time to do so even without the stay, for Defendants consented to, and the Court granted, Plaintiff's request for a total of *five weeks* to respond to Defendants' motions to dismiss (Dkts. 13, 15).

Plaintiff's supplemental memorandum suggests that Plaintiff really seeks to preview the Court's reaction to the parties' remand arguments before deciding how to write its opposition to Defendants' motions to dismiss. *See* Suppl. Mem. 2 ("[I]t is undeniable that the Court's rulings on the motion to remand will have a major impact on how plaintiff, and presumably defendants, will argue the motions to dismiss."). But Plaintiff can claim no entitlement to a remand ruling before it briefs dismissal. In fact, this Court routinely rules on remand and dismissal together. *E.g.*, *Bradford v. George Wash. Univ.*, — F.3d —, 2017 WL 1383653, at *1 (D.D.C. 2017) (denying remand and granting dismissal); *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 82 (D.D.C. 2014) (same); *Hutchinson v. District of Columbia*, No. 09-1790 (RJL), 2010 WL 2428124, at *1 (D.D.C. June 15, 2010) (Leon, J.) (same). Defendants, moreover, filed their opening memoranda in support of dismissal weeks ago, before Plaintiff even moved for remand, and Plaintiff does not explain why it deserves a tactical benefit that Defendants did not have.

Finally, Plaintiff disregards the purpose of immunity defenses: protecting officials not just from liability, but also the "burdens of litigation." *Watts v. Williams*, 658 F. Supp. 2d 43, 48 (D.D.C. 2009) (Leon, J.) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). That is why "the Supreme Court 'repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)); *see also Osborn v. Haley*, 549 U.S. 225, 253 (2007) ("Immunity-related issues, the Court has several times instructed, should be decided at the earliest opportunity."). Postponing resolution of President Trump's asserted immunity would contravene this principle by causing conceded delay, *see* Stay Mem. 3, and it is no answer that the motion to dismiss would be next in line after the motion to remand, *see* Suppl. Mem. 2. Just last month, the Supreme Court unanimously rejected a proposal to separate overlapping jurisdiction and Rule 12(b)(6) decisions in a foreign sovereign immunity case, partly because that could "mean increased delay, imposing increased burdens of time and expense upon the" professedly immune party. *Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1323 (2017). So too here. Plaintiff has not met its burden to stay consideration of President Trump's defenses.

## CONCLUSION

For all these reasons, Plaintiff's motion to stay proceedings should be denied.

Dated: June 7, 2017                                     Respectfully submitted,

/s/ Jason R. Scherr

Eric W. Sitarchuk
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
T. 215.963.5000
eric.sitarchuk@morganlewis.com

        Allyson N. Ho (DC Bar No. 477589)
MORGAN LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
T. 214.466.4000
allyson.ho@morganlewis.com

Fred F. Fielding (DC Bar No. 99296)
Jason R. Scherr (DC Bar No. 466645)
Michael E. Kenneally (DC Bar No. 1025767)
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T. 202.739.3000
fred.fielding@morganlewis.com
jr.scherr@morganlewis.com
michael.kenneally@morganlewis.com

**Counsel for Defendant Donald J. Trump**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 7th day of June, 2017, a copy of the foregoing Memorandum of Points and Authorities was served on counsel of record through this Court's ECF filing system.

        /s/ Jason R. Scherr
        Jason R. Scherr