UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **K&D, LLC t/a CORK,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 17-731 (RJL) |
| **TRUMP OLD POST OFFICE, LLC** | * |
| **et al.** | * |
| Defendants. | * |

\* \* \* \* \* \* \*

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF ITS MOTION TO REMAND

Plaintiff's request for a stay should be granted as this Court should consider and rule upon Plaintiff's Motion to Remand (Dkt. 14, 18) prior to considering and ruling on Defendants' Motions to Dismiss (Dkt. 10, 12).

Defendant Trump's opposition to Plaintiff's request is, essentially, no more than that the parties have already briefed whether the immunity defenses are colorable in opposition to the Motion to Remand, and so the Court should hear and consider whether Defendant Trump's immunity defense is colorable at the same time as ruling on whether Defendant Trump is immune to liability for his actions as alleged in Plaintiff's Complaint. Defendant Trump correctly admits that the Court must first rule on the Motion to Remand to determine whether it has jurisdiction to even consider the substantive issues involved, but inappropriately demands that this Court hurry and consider all issues at the same time. In the Motion to Remand and Reply, Plaintiff argues that Defendant Trump could not and did not present a colorable defense of immunity and, therefore, there is no hook on which this Court may maintain jurisdiction.

In his Motion to Dismiss, Defendant Trump argues that he is immune to liability on two grounds and that Plaintiff's allegations fail to constitute unfair competition under the common

law of the District of Columbia.  Defendant Old Post Office, LLC argues that the allegations fail to state a claim for unfair competition and that Plaintiff cannot recover for a breach of the lease between it and the GSA.  Obviously, Plaintiff's Motion to Remand due to lack of jurisdiction involves fewer issues and a different standard than involved in considering the Motions to Dismiss.  In fact, Defendant Trump asks this Court to conclude that it will deny the Motion to Remand in ruling on the request for a stay: "And because Plaintiff's jurisdictional worries lack any merit, they are 'not enough to bring this action to a halt.'" Trump's Opposition, Dkt. 20, at 3.

Defendant Trump should not be allowed to steamroll this Court into deciding issues out of order by considering the merits of the case during the same hearing as the Court hears arguments regarding whether it even has jurisdiction.  Although Plaintiff has no doubt that this Court can handle both motions at the same time, Plaintiff should not be required to brief all substantive issues prior to this Court determining that it has jurisdiction to consider them.  And the Court should not have to read the supporting memoranda, the oppositions, and the replies on the motions to dismiss until it decides whether it has jurisdiction to resolve them.  A stay is not sought to seek a preview of the issues, but so that Plaintiff is not obligated to draft oppositions to several arguments based on federal court caselaw when a return to Superior Court would make such authority inapposite, or at least merely persuasive, particularly on the issue of what constitutes unfair competition.  *Compare B & W Mgmt. v. Tasea Inv. Co.*, 451 A.2d 879, 881 n.3 (D.C. 1982) *with Ray v. Proxmire*, 581 F.2d 998, 1002-03 (1978).

Plaintiff sought consent for additional time to address Defendants' arguments on the merits of this case to allow for this Court's consideration of a motion to stay to avoid the potentially useless expenditure of Plaintiff's and this Court's time and expense.  Plaintiff gains no tactical advantage by any stay, and any prejudice to Defendant's would be in the small

amount of time in which Plaintiff seeks (fourteen days) after this Court's ruling on the request for remand to brief the motions to dismiss should this Court deny remand. Legendary UCLA basketball coach John Wooden taught his players to "be quick, but don't hurry." Plaintiff seeks a quick resolution to this dispute, but requests that Defendant Trump's demand for this Court to hurry to be denied.

## CONCLUSION

For the foregoing reasons, Cork's Motion to Stay this case should be granted and Cork should only be required to respond to the Defendants' motions to dismiss if this Court denies the motion to remand.

**Date: June 9, 2017**

Respectfully submitted,

/s/ 
_____
Scott H. Rome (D.C. Bar #476677)
(*co-lead counsel*)
Christopher LaFon (D.C. Bar #483740)
*(admission pending)*
THE VERITAS LAW FIRM
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 686-7600
srome@theveritaslawfirm.com

/s/
_____
Mark S. Zaid (D.C. Bar #440532)
(*co-lead counsel*)
Bradley P. Moss (D.C. Bar #975905)
MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
Mark@MarkZaid.com

/s/
_____
Alan B. Morrison (D.C. Bar #073114)
Lerner Family Associate Dean for
Public Interest and Public Service Law
GEORGE WASHINGTON UNIVERSITY
LAW SCHOOL
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7120
abmorrison@law.gwu.edu

*Counsel for Plaintiff K&D, LLC, t/a Cork*