## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **K&D, LLC t/a CORK,** <br> c/o Veritas Law <br> 1225 19th Street, NW <br> Suite 320 <br> Washington, D.C. 20036 <br><br> Plaintiff, <br><br> v. <br><br> **TRUMP OLD POST OFFICE, LLC** <br> c/o National Registered Agents Inc. <br> 1015 15th Street N.W. <br> Suite 1000 <br> Washington, D.C. 20005 <br><br> and <br><br> **DONALD J. TRUMP** <br> Individually, and in his personal capacity, <br> Trump Tower <br> 725 5th Avenue <br> New York, New York 10022 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Civil Action No. 17-_____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **AMENDED COMPLAINT**

COMES NOW, K&D, LLC t/a Cork, by and through undersigned counsel, and states the following claim against Defendants Trump Old Post Office, LLC, and Donald. J. Trump, in his individual and personal capacity (hereinafter jointly referred to as "Defendants"):

1. This is an action for unfair competition in the District of Columbia brought by a local restaurant that directly competes with the Trump Old Post Office, LLC, and its owner, Donald J. Trump, in the District of Columbia marketplace. Plaintiff seeks a court order forbidding Defendants from continuing to compete unfairly with Plaintiff in the restaurant business in the District of Columbia.

2. As more fully set forth below, the Plaintiff's claims are based on the unfair advantage that the Trump International Hotel and its dining establishments, in a building owned by the United States and operated by the Defendants, has gained from Defendant Donald J. Trump being the President of the United States. That advantage is specifically prohibited by the hotel lease between Trump Old Post Office, LLC, and the United States, as well as the laws of the District of Columbia. The effects of that unfair advantage are magnified greatly by marketing activities of the Hotel's officers and employees and the similar activities of defendant Trump, his family, and the White House staff and/or advisors.

## PARTIES

3. Plaintiff K&D, LLC t/a Cork ("Cork") owns Cork Wine Bar, a first-class nationally renowned full service restaurant and bar that is located at 1805 14th Street, N.W., Washington, D.C. 20009. Cork Wine Bar is recognized as a top 100 restaurant in the city and was featured in *Bon Appetit Magazine* as a top 10 wine bar in the United States. Cork Wine Bar offers at least 50 wines by the glass, 250 bottles from small producers around the world, a broad menu from award winning restaurateurs and chefs, and catering options.

4. A significant portion of Cork's business involves serving meals and alcoholic beverages, and hosting events, often for large groups of individuals and organizations, including many from outside the United States, who have business of one kind or another with – including seeking to influence the policies of – the United States Government and its elected officials.

5. Defendant Trump Old Post Office LLC is organized under the laws of Delaware with its principal place of business at 1100 Pennsylvania Avenue, N.W., Washington, D.C. 20004. It is represented in the District of Columbia by National Registered Agents Inc., and it is owned by a revocable trust that acts for the sole benefit of the Defendant Donald J. Trump.

Defendant Donald J. Trump is being sued in his individual and personal capacity, but has been the President of the United States since January 20, 2017.

## JURISDICTION

6. This Court has jurisdiction over this matter through D.C. Code §11-921 and D.C. Code §13-423.

## RELEVANT FACTS

*The Leasing Of The Building*

7. On February 6, 2012, the General Services Administration ("GSA") announced that it had chosen The Trump Organization as the potential redeveloper of the Old Post Office Pavilion, 1100 Pennsylvania Avenue, N.W., in the District of Columbia, to be used for a hotel and restaurants.

8. On June 12, 2013, GSA and Defendant Trump Post Office, LLC, agreed to the terms of a provisional lease.

9. A final lease between the United States, acting through GSA, and Defendant Trump Old Post Office, LLC, dated August 5, 2013, granted designated portions of the land and improvements at the historic Old Post Office Pavilion (the "Lease"). The term of the Lease is sixty years, subject to the early termination provision in Section 4.4.

10. Section 37.19 of the Lease provides as follows:

"No member or delegate to Congress, or elected official of the Government of the United States or the Government of the District of Columbia, shall be admitted to any share or part of this Lease, or to any benefit that may arise therefrom; provided, however, that this provisions shall not be construed as extending to any Person who may be a shareholder or other beneficial owner of any publicly held corporation or other entity, if this Lease is for the general benefit of such corporation or other entity."

11.     At the time of the negotiations of the lease, the entry into the lease, and to the present, Defendant Donald J. Trump has received benefits under the Lease.

*Operation Of The Hotel*

12.     On or about September 12, 2016, Defendant Trump Old Post Office, LLC, opened the hotel and restaurants provided for in the Lease under the name Trump International Hotel (the "Hotel").

13.     Defendant Trump Old Post Office, LLC, owns and operates the restaurant BLT Prime and the Benjamin Bar and Lounge within the Hotel and is the holder of the liquor license issued to those entities.

14.     The Hotel also provides spaces for meeting that include the Lincoln Library, which provides a social setting for meetings and events.

15.     At the time of the opening of the Hotel, Defendant Donald J. Trump was a candidate for President of the United States, having formally declared his candidacy on or about June 16, 2015.

16.     Because the Hotel and its restaurants and shops are new and because of its location, the Hotel and its restaurants immediately began to compete with Cork for business, just as any new hotel and restaurant in that location would compete.

17.     But on November 9, 2016, the day after Defendant Donald J. Trump was elected President of the United States, the competition between the Hotel and Cork began to favor the Hotel much more than before the election, with the result that many organizations and individuals, including citizens of nations other than the United States, substantially increased their use of the Hotel and its various facilities to the detriment of Cork.

18. The reason for the increase in business for Defendants was the perception by many of the customers and prospective customers of the Hotel, substantially aided by the marketing efforts of officers and employees of the Hotel, as well as members of the family of Defendant Donald J. Trump and others associated with him, that it would be to their advantage in their dealings with President Donald J. Trump and other agencies of the United States Government if they patronized the Hotel.

19. The business increase has been and will continue to be most harmful to Cork for receptions and dinners for large groups of lobbyists, as well as for political fundraisers and conventions, for which the association with President Donald J. Trump's Hotel will be perceived to be particularly advantageous. These events are particularly lucrative for the Hotel, as they are for Cork, because of the ability of the Hotel to set prices without regard to an advertised price for its restaurants and bars.

20. Rather than take any significant steps to avoid exploiting public office for private gain, defendant Donald J. Trump, his family, and various White House staff and/or advisors have continued to promote the Hotel to maximize its exposure and income-producing potential. These promotional activities have included, but are not limited to, the following:

(a) On January 19, 2017, at a televised press conference, Sean Spicer, now the White House Press Secretary, endorsed the Hotel, exclaiming "It's an absolutely stunning hotel. I encourage you to go there if you haven't been by."

(b) The last name of Defendant Donald J. Trump, who is now serving as the President of the United States, is prominently displayed in large, block letters on multiple signs on the exterior of the Hotel and on major streets in the District of Columbia.

(c) President Donald J. Trump highlighted the Hotel in a meeting with a senior member of the U.S. House of Representatives and generated media promotion/coverage of the Hotel, prior to his inauguration.

21. Although there is no publicly available information as to the source of the Hotel's business, press reports have documented that foreign dignitaries have already flocked to the Hotel, including, but not limited to:

(a) A week after the election, nearly 100 foreign diplomats partied at one of the Hotel's ballroom spaces, and Kuwait moved its annual National Day party (held February 22, 2017) from the Four Seasons to the Hotel.

(b) One Asian diplomat told the *Washington Post* in November 2016: "Why wouldn't I stay at his hotel blocks from the White House, so I can tell the new president, 'I love your new hotel!' Isn't it rude to come to his city and say, 'I am staying at your competitor?'"; and,

(c) Just days after the inauguration, a lobbying firm working for Saudi Arabia paid for a room at the Hotel, marking the first publicly known payment on behalf of a foreign government to a property owned by Defendant Donald J. Trump since he became President.

22.     A DC-based lobbyist, who asked for anonymity to speak openly about Defendants Donald J. Trump and his properties, stated that although he personally had not been pressured to patronize the Hotel, "reading between the lines isn't that tough here." He continued to state "[t]here is a reason that the senior staff hang out in the lobby bar at the hotel. They are seeing who spends time and money there and who books large parties there and large blocks of rooms for delegations." The lobbyist further said he wouldn't be surprised to see major trade associations such as the U.S. Chamber of Commerce or the National Association of Broadcasters use the hotel to put up visiting colleagues and affiliates. "Point is," the lobbyist said, "someone is paying attention to the person who orders the $1,000 bottle of wine."

23.     The Associated Press noted on March 5, 2017, that "[t]he $200 million hotel inside the federally owned Old Post Office building has become the place to see, be seen, drink, network — even live — for the still-emerging Trump set. It's a rich environment for lobbyists and anyone hoping to rub elbows with Trump-related politicos — despite a veil of ethics questions that hangs overhead."

*The Hotel Directly And Unfairly Competes With The Plaintiff*

24.     Cork has hosted fundraisers for several elected officials including Senator Barbara Mikulski, Congresswoman Lois Capps, and Congressman Jim Cooper.

25.     Cork has also hosted events for groups as diverse, and politically influential, as the World Bank, NARAL Pro-Choice America, the Sierra Club, the Joyce Foundation, Education Fund to Stop Gun Violence, the Atlantic, US Action, Health Care for America, and others.

26. Cork has also catered events for government officials including those from the White House.

27. Prior to the election of Defendant Donald J. Trump as President, Cork hosted and provided food and beverage service to the Ambassador of Azerbaijan.

28. In 2017, after the election of Defendant Donald J. Trump, the Hotel hosted an event with the Ambassador of Azerbaijan and the Azerbaijani Embassy.

29. Defendant Donald J. Trump's interests in the Trump Old Post Office, LLC, have been placed in a revocable trust that acts for his sole benefit. This publicly available information confirms to lobbyists, foreign governments, and governmental contractors that use of the services and facilities at the Hotel and restaurants still directly benefits Defendant Trump and his family, and they may choose, to the detriment of Cork, to conduct business at the Hotel and its restaurants in order to gain influence or advantage thereby continuing the unfair competition.

## UNFAIR COMPETITION CLAIM

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

31. Plaintiff does not object to, nor does it assert any legal basis to complain about, competition from the Hotel or its restaurants prior to January 20, 2017, when Defendant Donald J. Trump began serving as President, but at and after that time it has been damaged by the unfair advantage that the Hotel has exploited because of its ownership by President Trump. That advantage unfairly interferes with Cork's business and constitutes unfair competition.

32. Cork competes with the restaurants in the Hotel by providing the same or similar services that are provided by them in the same marketplace.

33. Defendants' operation of the Hotel and the restaurants, while Defendant Donald J. Trump serves as President of the United States, unfairly competes for customers in the relevant marketplace, including potential customers of Cork, impairing Cork's ability to compete with the Hotel on a level playing field.

34. The use by the Hotel of the "Trump" name while Defendant Donald J. Trump serves as President and continues to receive profits from its operation, whether through a revocable trust or otherwise, is further evidence of unfair competition in the District of Columbia marketplace for hotels and restaurants.

35. The decision of Defendants to continue to operate the Hotel after Defendant Donald J. Trump was inaugurated as President on the United States on January 20, 2017, violates Section 37.19 of the Lease. That Section specifically forbids Defendant Trump from receiving any benefits from the Lease, once he became President, which Defendant Trump has continued to receive and will continue to receive as long as the Lease remains in effect and he remains as President.

36. In addition to protecting the interests of the United States, particularly by precluding a sitting President from influencing the conduct of the Administrator of GSA – who is appointed by the President, and serves at his pleasure – Section 37.19 also protects competitors of the Hotel and its restaurants from unfair competition.

37. This protection is made clear because Section 37.19 also prohibits many other elected officials who have no authority over GSA from receiving any benefits under the Lease. These include the following officials of the District of Columbia – the Mayor, members of the Council, and the Attorney General – as well as Senators and Members of the House of Representatives and even non-voting delegates to Congress.

38.     The violation of Section 37.19 constitutes a non-monetary default under Section 27.1(b)(ii) of the Lease as of January 20, 2017, which requires Defendants to cure the violation within a reasonable time.

39.     Defendants have taken no action to cure the violation of Section 37.19 or the unfair competition they have created as stated herein, and their public position is that they have no intention of curing that violation, unless ordered by a court to do so.

40.     Furthermore, use of the Hotel and its restaurants by foreign governments and dignitaries that results in monies paid to the Defendants while Defendant Donald J. Trump serves as President reflects further proof of unfair competition under District of Columbia law.

41.     As a result of the unfair competition by the Hotel, Cork has been and will continue to suffer losses of business. Because the extent of those losses cannot be determined in a manner that would enable Cork to recover damages, it has no adequate remedy at law.

42.     To remedy the unfair competition from the Hotel resulting from the violation of Section 37.19 and otherwise and the irreparable injury that it has caused and will continue to cause Cork, the Court should order Defendants to discontinue their unfair competition. That can be accomplished by (a) Defendant Trump Old Post Office, LLC, ceasing or suspending all operations (*i.e.,* closing the Hotel and restaurants) for the duration of Defendant Donald J. Trump's service as President of the United States; (b) Defendants, as well as the family of Defendant Donald J. Trump, promptly and fully divesting themselves of any interest in the Hotel and under the Lease, in a manner to be approved by the Court; or (c) Defendant Donald Trump resigning as President of the United States.

WHEREFORE, Plaintiff prays that this Court:

(a) Enter an order declaring that Defendants have engaged in unfair competition under the laws of the District of Columbia;

(b) Order the Defendants to remedy these violations of law by requiring them to discontinue their unfair competition.

(c) Award Plaintiff its costs and reasonable attorneys' fees; and,

(d) Grant such other and further relief as may be just and proper.

DATED: March 9, 2017

Respectfully submitted,

_____
Scott H. Rome (D.C. Bar #476677)
(*co-lead counsel*)
Andrew J. Kline (D.C. Bar #358547)
Christopher LaFon (D.C. Bar #483740)
THE VERITAS LAW FIRM
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 686-7600
srome@theveritaslawfirm.com

_____
Mark S. Zaid (D.C. Bar #440532)
(*co-lead counsel*)
Bradley P. Moss (D.C. Bar #975905)
MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
Mark@MarkZaid.com

_____
Alan B. Morrison (D.C. Bar #073114)
Lerner Family Associate Dean for
Public Interest and Public Service Law
GEORGE WASHINGTON UNIVERSITY
LAW SCHOOL
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7120
abmorrison@law.gwu.edu

_____
Steven L. Schooner (D.C. Bar #416769)
Nash & Cibinic Professor
of Government Procurement Law
GEORGE WASHINGTON UNIVERSITY
LAW SCHOOL
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-3037
sschooner@law.gwu.edu

*Counsel for Plaintiff K&D, LLC, t/a Cork*