APPEAL,CLOSED,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:17–cv–00731–RJL</u>

K&D LLC t/a CORK v. TRUMP OLD POST OFFICE LLC et al

Assigned to: Judge Richard J. Leon

Case in other court:  Superior Court for the District of
                             Columbia, 17ca1560

Cause: 28:1442 Petition for Removal

Date Filed: 04/19/2017
Date Terminated: 11/26/2018
Jury Demand: None
Nature of Suit: 380 Personal Property:
Other
Jurisdiction: Federal Question

**Plaintiff**

**K&D LLC**
*trading as*
CORK

represented by **Alan Butler Morrison**
GEORGE WASHINGTON UNIVERSITY
LAW SCHOOL
2000 H Street, NW
Washington, DC 20052
(202) 994–7120
Fax: 2029945157
Email: abmorrison@law.gwu.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Prescott Moss**
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, NW
Suite 200
Washington, DC 20036
(202) 907–7945
Fax: (202) 330–5610
Email: brad@markzaid.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Steven Zaid**
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, NW
Suite 200
Washington, DC 20036
(202) 454–2809
Fax: (202) 330–5610
Email: Mark@MarkZaid.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Howard Rome**
VERITAS LAW FIRM
1225 Nineteenth Street, NW
Suite 320

Washington, DC 20036
(202) 686–7600
Fax: (202) 293–3130
Email: srome@theveritaslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**TRUMP OLD POST OFFICE LLC**          represented by   **Esther Slater McDonald**
SEYFARTH SHAW, LLP
1075 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
(404) 885–1500
Fax: (404) 892–7056
Email: emcdonald@seyfarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca Woods**
SEYFARTH SHAW, LLP
1075 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
(404) 885–1500
Fax: (404) 892–7056
Email: rwoods@seyfarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DONALD J. TRUMP**          represented by   **Allyson Newton Ho**
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street
Suite 3200
Dallas, TX 75201
(214) 466–4180
Fax: (214) 466–4001
Email: aho@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric W. Sitarchuk**
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963–5840
Fax: (215) 963–5001
Email: eric.sitarchuk@morganlewis.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Fred Fisher Fielding**
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
8th Floor
Washington, DC 20004
(202) 739–5560
Fax: (202) 739–3001
Email: fred.fielding@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Robert Scherr**
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 373–6709
Fax: (202) 739–3001
Email: jr.scherr@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Kenneally**
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739–5893
Fax: (202) 739–3001
Email: michael.kenneally@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/19/2017 | 1 | | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 17ca1560 Filing fee $ 400, receipt number 0090–4919971 filed by DONALD J. TRUMP. (Attachments: # 1 Superior Court Documents Documents from Superior Court, # 2 Civil Cover Sheet)(Scherr, Jason) (Entered: 04/19/2017) |
| 04/19/2017 | | | Case Assigned to Judge Richard J. Leon. (sth) (Entered: 04/19/2017) |
| 04/19/2017 | 2 | | NOTICE to Counsel/Party. (sth) (Entered: 04/19/2017) |
| 04/20/2017 | 3 | | NOTICE of Appearance by Allyson Newton Ho on behalf of DONALD J. TRUMP (Ho, Allyson) (Entered: 04/20/2017) |
| 04/20/2017 | 4 | | NOTICE *of Joinder in Notice of Removal* by TRUMP OLD POST OFFICE LLC re 1 Notice of Removal, (Woods, Rebecca) (Entered: 04/20/2017) |
| 04/24/2017 | 5 | | |

| | | | STANDING ORDER. Signed by Judge Richard J. Leon on 04/24/17. (lcrjl1) (Entered: 04/24/2017) |
|---|---|---|---|
| 04/24/2017 | 6 | | Consent MOTION for Extension of Time to File Response/Reply *to Plaintiff's Complaint* by DONALD J. TRUMP, TRUMP OLD POST OFFICE LLC (Scherr, Jason) (Entered: 04/24/2017) |
| 04/25/2017 | 7 | | Receipt on 4−25−2017 of ORIGINAL FILE, certified copy of transfer order and docket sheet from Superior Court. Superior Court Number 17−CA−001560. (zrdj) (Entered: 04/25/2017) |
| 04/26/2017 | | | MINUTE ORDER granting defendants' Joint Consent Motion for Extension of Time to Respond to Plaintiff's Complaint 6 . It is hereby ORDERED that defendants shall answer or otherwise respond to plaintiff's Complaint on or before 05/10/17. Signed by Judge Richard J. Leon on 04/26/17. (lcrjl1) (Entered: 04/26/2017) |
| 05/10/2017 | 8 | | MOTION to Dismiss by DONALD J. TRUMP (Attachments: # 1 Text of Proposed Order)(Scherr, Jason) (Entered: 05/10/2017) |
| 05/10/2017 | 9 | | NOTICE of Appearance by Fred Fisher Fielding on behalf of DONALD J. TRUMP (Fielding, Fred) (Entered: 05/10/2017) |
| 05/10/2017 | 10 | | MOTION to Dismiss by TRUMP OLD POST OFFICE LLC (Attachments: # 1 Text of Proposed Order Attachment, # 2 Declaration Attachment)(Woods, Rebecca) (Entered: 05/10/2017) |
| 05/10/2017 | 11 | | NOTICE *of Joinder* by DONALD J. TRUMP re 10 MOTION to Dismiss (Scherr, Jason) (Entered: 05/10/2017) |
| 05/18/2017 | 12 | | MOTION to Remand by K&D LLC (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support, # 3 Exhibit)(Rome, Scott) (Entered: 05/18/2017) |
| 05/24/2017 | 13 | | Consent MOTION for Briefing Schedule by K&D LLC (Attachments: # 1 Order)(Rome, Scott) (Entered: 05/24/2017) |
| 05/24/2017 | 14 | | MOTION to Stay by K&D LLC (Attachments: # 1 Memorandum in Support, # 2 Order)(Rome, Scott) (Entered: 05/24/2017) |
| 05/30/2017 | 15 | | ORDER Granting 13 Plaintiff's Consent Motion for Amended Briefing Schedule for Defendants' Motions to Dismiss. It is hereby ORDERED that Plaintiff will respond to Defendants' Motions to Dismiss by 6/14/2017. Defendants will Reply to Plaintiff's Response by 6/28/2017. It is further ORDERED, that the parties shall meet and confer pursuant to LR 16.3, and submit a Joint Meet and Confer Statement and proposed scheduling orde within fourteen (14) days following resolution of Defendants' Motions to Dismiss. Signed by Judge Richard J. Leon on 5/26/2017. (jth) Modified on 5/31/2017 to reflect the correct filing date of 5/30/2017. (jth). (Entered: 05/31/2017) |
| 06/01/2017 | 16 | | Memorandum in opposition to re 12 MOTION to Remand filed by TRUMP OLD POST OFFICE LLC. (Attachments: # 1 Declaration Exhibit A)(Woods, Rebecca) (Entered: 06/01/2017) |
| 06/01/2017 | 17 | | Memorandum in opposition to re 12 MOTION to Remand filed by DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order)(Scherr, Jason) (Entered: 06/01/2017) |

| 06/02/2017 | 18 | | SUPPLEMENTAL MEMORANDUM to re 14 MOTION to Stay *Pending Ruling on Motion to Remand* filed by K&D LLC. (Rome, Scott) (Entered: 06/02/2017) |
| 06/02/2017 | 19 | | RESPONSE re 18 Supplemental Memorandum filed by DONALD J. TRUMP. (Scherr, Jason) (Entered: 06/02/2017) |
| 06/07/2017 | 20 | | Memorandum in opposition to re 14 MOTION to Stay filed by DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order)(Scherr, Jason) (Entered: 06/07/2017) |
| 06/07/2017 | 21 | | NOTICE *of Joinder in Opposition to Plaintiff's Motion to Stay* by TRUMP OLD POST OFFICE LLC re 20 Memorandum in Opposition (Woods, Rebecca) (Entered: 06/07/2017) |
| 06/07/2017 | 22 | | REPLY to opposition to motion re 12 MOTION to Remand *to D.C. Superior Court* filed by K&D LLC. (Rome, Scott) (Entered: 06/07/2017) |
| 06/08/2017 | 23 | | NOTICE of Appearance by Eric W. Sitarchuk on behalf of DONALD J. TRUMP (Sitarchuk, Eric) (Entered: 06/08/2017) |
| 06/08/2017 | 24 | | NOTICE of Appearance by Michael E. Kenneally on behalf of DONALD J. TRUMP (Kenneally, Michael) (Entered: 06/08/2017) |
| 06/09/2017 | 25 | | REPLY to opposition to motion re 14 MOTION to Stay *Briefing and Consideration of Defendants' Motions to Dismiss Until 14 Days after the Court Issues a Ruling on Plaintiff's Motion to Remand* filed by K&D LLC. (Rome, Scott) (Entered: 06/09/2017) |
| 06/13/2017 | | | MINUTE ORDER: Upon consideration of the plaintiff's Motion to Stay Proceedings Pending Determination of its Motion to Remand 14 , it is hereby ORDERED that the current deadlines for responding to and replying in support of defendants' Motions to Dismiss [8, 10] are TERMINATED. Should the Court deny plaintiff's Motion to Remand, it is further ORDERED that plaintiff will have 14 days from the date of the Court's Order denying the motion to respond to both of the defendants' Motions to Dismiss. SO ORDERED. Signed by Judge Richard J. Leon on 06/13/17. (lcrjl1) (Entered: 06/13/2017) |
| 11/22/2017 | 26 | | NOTICE *of Intent to Amend Complaint* by K&D LLC (Zaid, Mark) (Entered: 11/22/2017) |
| 01/02/2018 | | | MINUTE ORDER denying 12 Plaintiff's Motion to Remand Case to D.C. Superior Court. It is hereby ORDERED that plaintiff's motion is DENIED. Signed by Judge Richard J. Leon on 1/2/2018. (lcrjl1) (Entered: 01/02/2018) |
| 01/16/2018 | 27 | | Memorandum in opposition to re 10 MOTION to Dismiss , 8 MOTION to Dismiss filed by K&D LLC. (Attachments: # 1 Exhibit)(Rome, Scott) (Entered: 01/16/2018) |
| 01/16/2018 | 28 | | MOTION to Amend/Correct *Complaint* by K&D LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rome, Scott) (Entered: 01/16/2018) |
| 01/16/2018 | 29 | | STIPULATION *for Modification to Briefing Schedule* by K&D LLC. (Attachments: # 1 Text of Proposed Order)(Moss, Bradley) (Entered: 01/16/2018) |
| 01/18/2018 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER. Upon consideration of the parties' 29 Joint Stipulation for Modification to Briefing Schedule, it is hereby ORDERED that the stipulation is ACCEPTED and that defendants shall file their requisite pleadings within 14 days of the date upon which this Court issues an order adjudicating 28 Plaintiff's Motion for Leave to Amend the Complaint. SO ORDERED. Signed by Judge Richard J. Leon on 1/18/2018. (lcrjl1) (Entered: 01/18/2018) |
| 02/12/2018 | | | MINUTE ORDER. Upon consideration of 28 Plaintiff's Motion for Leave to Amend the Complaint, it is hereby ORDERED that the motion is GRANTED. The Clerk is directed to file plaintiff's Amended Complaint (see ECF No. 28−2). It is further ORDERED that, in light of the filing of the Amended Complaint, 8 Defendant Donald J. Trump's Motion to Dismiss and 10 Defendant Trump Old Post Office LLC's Motion to Dismiss are DENIED AS MOOT. Pursuant to the parties' Joint Stipulation 29 as accepted by this Court, it is further ORDERED that defendants shall move against or otherwise respond to the Amended Complaint on or before February 26, 2018. SO ORDERED. Signed by Judge Richard J. Leon on 2/12/2018. (lcrjl1) (Entered: 02/12/2018) |
| 02/12/2018 | 30 | | AMENDED COMPLAINT against DONALD J. TRUMP, TRUMP OLD POST OFFICE LLC filed by K&D LLC.(jf) (Entered: 02/12/2018) |
| 02/26/2018 | 31 | | MOTION to Dismiss by TRUMP OLD POST OFFICE LLC (Attachments: # 1 Statement of Facts, # 2 Declaration, # 3 Text of Proposed Order)(Woods, Rebecca) (Entered: 02/26/2018) |
| 02/26/2018 | 32 | | MOTION to Dismiss by DONALD J. TRUMP (Attachments: # 1 Text of Proposed Order)(Scherr, Jason) (Entered: 02/26/2018) |
| 02/26/2018 | 33 | | NOTICE of Joinder by DONALD J. TRUMP re 31 MOTION to Dismiss (Scherr, Jason) (Entered: 02/26/2018) |
| 03/12/2018 | 34 | | Memorandum in opposition re 31 MOTION to Dismiss and 32 MOTION to Dismiss by K&D LLC. (Attachments: # 1 Exhibit)(LaFon, Christopher) Modified event title and on 3/13/2018 (znmw). (Entered: 03/12/2018) |
| 03/19/2018 | 35 | | REPLY to opposition to motion re 31 MOTION to Dismiss filed by TRUMP OLD POST OFFICE LLC. (Woods, Rebecca) (Entered: 03/19/2018) |
| 03/19/2018 | 36 | | REPLY to opposition to motion re 32 MOTION to Dismiss filed by DONALD J. TRUMP. (Scherr, Jason) (Entered: 03/19/2018) |
| 04/07/2018 | 37 | | NOTICE of Filing of Relevant Case Decision by K&D LLC (Attachments: # 1 Exhibit 1 − D.Md Decision)(Zaid, Mark) (Entered: 04/07/2018) |
| 09/07/2018 | | | MINUTE SCHEDULING ORDER. It is hereby ORDERED that a motions hearing on 31 Defendant Trump Old Post Office LLCs Motion to Dismiss, and 32 Defendant Donald J. Trump's Motion to Dismiss shall be held on September 19, 2018 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 9/7/18. (lcrjl1) (Entered: 09/07/2018) |
| 09/11/2018 | 38 | | NOTICE of Appearance by Esther Slater McDonald on behalf of TRUMP OLD POST OFFICE LLC (McDonald, Esther) (Entered: 09/11/2018) |
| 09/12/2018 | 39 | | Consent MOTION to Continue *Reschedule Oral Argument Date* by K&D LLC (Attachments: # 1 Text of Proposed Order)(Zaid, Mark) Modified event title on |

| | | | |
|---|---|---|---|
| | | | 9/13/2018 (znmw). (Entered: 09/12/2018) |
| 09/12/2018 | | | MINUTE ORDER granting 39 Plaintiff's Consented−To Motion to Reschedule Oral Argument Date. It is hereby ORDERED that the motions hearing set for September 19, 2018 at 3:00 PM is rescheduled for September 25, 2018 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 9/12/18. (lcrjl1) (Entered: 09/12/2018) |
| 09/13/2018 | | | Set/Reset Hearings: The motions hearing presently scheduled for 9/19/2018 at 3:00 PM is rescheduled for 9/25/2018 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 09/13/2018) |
| 09/13/2018 | 40 | | MOTION for Reconsideration re Order on Motion for Scheduling Order, by TRUMP OLD POST OFFICE LLC (Attachments: # 1 Text of Proposed Order)(Woods, Rebecca) (Entered: 09/13/2018) |
| 09/18/2018 | | | MINUTE ORDER denying 40 Defendant Trump Old Post Office LLC's Motion for Reconsideration of Order on Plaintiff's Motion to Reschedule. It is hereby ORDERED that the motion is DENIED. SO ORDERED. Signed by Judge Richard J. Leon on 9/18/18. (lcrjl1) (Entered: 09/18/2018) |
| 09/25/2018 | | | Minute Entry for Proceedings held before Judge Richard J. Leon: Motions Hearing held on 9/25/2018; Re: 31 Motion to Dismiss filed by defendant TRUMP OLD POST OFFICE LLC, and 32 Motion to Dismiss filed by defendant DONALD J. TRUMP. The 31 32 Motions were Heard and Taken Under Advisement. (Court Reporter: William P. Zaremba) (jth) (Entered: 09/25/2018) |
| 11/26/2018 | 41 | 10 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 11/24/2018. (jth) (Entered: 11/26/2018) |
| 11/26/2018 | 42 | 22 | ORDER for the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that defendants Trump Old Post Office, LLC's and President Donald J. Trump's Motions to Dismiss 31 32 are GRANTED and this case is DISMISSED. SO ORDERED. Signed by Judge Richard J. Leon on 11/26/2018. (jth) (Entered: 11/26/2018) |
| 12/10/2018 | 43 | 8 | NOTICE OF APPEAL TO DC CIRCUIT COURT by K&D LLC. Filing fee $ 505, receipt number 0090−5831688. Fee Status: Fee Paid. Parties have been notified. (Moss, Bradley) (Entered: 12/10/2018) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

K&D, LLC t/a Cork
_____
                    Plaintiff

          vs.                          Civil Action No. 17-731 (RJL)

Trump Old Post Office, LLC, et al.
_____
                    Defendant

# NOTICE OF APPEAL

Notice is hereby given this 10th day of December , 20 18 , that

plaintiff K&D, LLC

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the 26th day of November , 20 18

in favor of defendants Trump Old Post Office, LLC, and Donald J. Trump

against said plaintiff K&D, LLC

                              Bradley P. Moss
                    _____
                              Attorney or Pro Se Litigant
                              Mark S. Zaid, P.C.
                              1250 Connecticut Avenue, NW
                              Suite 700
                              Washington, D.C. 20036


                              Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK** Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

K&D, LLC t/a Cork
_____
                    Plaintiff

vs.                                    Civil Action No. 17-731 (RJL)

Trump Old Post Office, LLC, et al.
_____
                    Defendant

## NOTICE OF APPEAL

Notice is hereby given this 10th    day of December    , 20 18    , that

plaintiff K&D, LLC

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the 2nd    day of January    , 20 18

in favor of defendants Trump Old Post Office, LLC, and Donald J. Trump

against said plaintiff K&D, LLC

                              Bradley P. Moss
                    _____
                         Attorney or Pro Se Litigant
                    Mark S. Zaid, P.C.
                    1250 Connecticut Avenue, NW
                    Suite 700
                    Washington, D.C. 20036

                         Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**  Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

K&D, LLC t/a CORK,                          )
                                            )
    **Plaintiff,**                           )
                                            )
    v.                                   )    **Civil Case No. 17-731 (RJL)**
                                            )
TRUMP OLD POST OFFICE, LLC,                 )
                                            )
    **and**                              )    **FILED**
                                            )
DONALD J. TRUMP, *individually, and*        )    **NOV 2 6 2018**
*in his personal capacity*,                 )
                                            )    Clerk, U.S. District & Bankruptcy
                                            )    Courts for the District of Columbia
    **Defendants.**                      )

## MEMORANDUM OPINION
(November **24**, 2018) [Dkt. ## 31, 32]

Plaintiff K&D, LLC is the owner and operator of Cork Wine Bar (hereinafter, "plaintiff" or "Cork"), a restaurant and bar located in the downtown Washington, D.C. area. Am. Compl. 2 [Dkt. # 30]. On March 9, 2017, Cork brought this action against defendants Trump Old Post Office, LLC ("OPO") and President Donald J. Trump ("President Trump" or "the President"), alleging that defendants are liable in tort for unfair competition under D.C. common law and seeking injunctive relief. *Id.* at ¶¶ 30–42; *see* D.C. Sup. Ct. Compl. 11 [Dkt. # 1-1].[1] OPO, which is owned by a revocable trust that acts

---

[1] Cork filed suit initially in D.C. Superior Court, but defendants timely removed the action to federal court, *see* Notices of Removal [Dkt. ## 1, 4], and on January 2, 2018, I denied Cork's motion to remand. I allowed Cork to file an amended complaint, which it did on February 12, 2018.

1

for the sole benefit of President Trump, operates a hotel and restaurants under the name Trump International Hotel ("Hotel"). Am. Compl. ¶¶ 2, 5, 12–13. The Hotel is located within the historic Old Post Office Pavilion at 1100 Pennsylvania Avenue, N.W., which OPO leases from the General Services Administration ("GSA"). *Id* at ¶¶ 7–8.

Pending before the Court are OPO's and the President's motions to dismiss. *See* Def. Trump Old Post Office LLC's Mot. to Dismiss and Stmt. of Points and Authorities in Support ("OPO Mot. to Dismiss") [Dkt. ## 31, 31-1]; Def. Donald J. Trump's Mot. to Dismiss ("Pres. Trump Mot. to Dismiss") [Dkt. # 32]. Upon consideration of the pleadings and the relevant law, and for the reasons stated below, defendants' motions to dismiss are **GRANTED** and this case is **DISMISSED**.

## BACKGROUND

The crux of Cork's complaint is that since President Trump took office on January 20, 2017, Cork has been damaged by unfair competition resulting from the President's ownership, through OPO, of the Hotel. Cork alleges that it "competes with the restaurants in the Hotel by providing the same or similar services that are provided by them in the same marketplace." Am. Compl. ¶ 32. Specifically, Cork asserts that a large portion of its business involves hosting and catering "receptions and dinners for large groups of lobbyists, as well as for political fundraisers and conventions" attended by individuals and organizations who have business before and/or seek to influence federal officials and United States policy. *Id.* at ¶ 4, 19, 24–28.

Since the President's election, Cork claims, "many organizations and individuals, including citizens of nations other than the United States, [have] substantially increased

2

their use of the Hotel and its various facilities to the detriment of Cork." *Id.* at ¶ 17. Cork attributes this upswing to an intentional effort by the Hotel, President Trump, and Trump family members and associates "to promote the Hotel to maximize its exposure and income-producing potential." *Id.* at ¶ 20. The Amended Complaint provides several examples of these so-called "promotional activities," including the use of "Trump" name branding as well as former White House Press Secretary Sean Spicer's televised encouragement to visit the Hotel, which he described as "absolutely stunning." *Id.* at ¶ 20(a)–(b). Cork also references press reports documenting the Hotel's patronage by foreign diplomats and lobbyists, purportedly demonstrating the Hotel's unfair advantage. *Id.* at ¶¶ 21–23.

In addition, Cork emphasizes Section 37.19 of OPO's lease with the GSA, which prohibits any elected United States or D.C. official from being "admitted to any share or part of this Lease, or to any benefit that may arise therefrom," unless the official is "a shareholder or other beneficial owner of any publicly held corporation or other entity, if this Lease is for the general benefit of such" entity. *Id.* at ¶ 10. According to Cork, President Trump's beneficial ownership of the Hotel through OPO violates Section 37.19, placing OPO in default. *Id.* at ¶¶ 35, 38. The parties dispute the importance of this alleged breach; defendants contend that it is fundamental to Cork's unfair competition claim, *see* OPO Mot. to Dismiss 9–13; Pres. Trump Mot. to Dismiss 12–13, while Cork describes it as an ancillary illustration of D.C.'s "understanding of fair competition norms," *see* Pl.'s Mem. of Points and Authorities in Opp'n to February 2018 Mots. of Defs. to Dismiss ("Pl.'s Opp'n") 24 [Dkt. # 34]. In either case, after President Trump took office, the GSA

3

determined that his assumption of the Presidency does *not* constitute a breach of Section 37.19 and that OPO remains in compliance with the lease. *See* OPO Mot. to Dismiss 4–5.

On February 26, 2018, defendants moved to dismiss Cork's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants contend that Cork has failed to state an unfair competition claim under D.C. common law because: (1) the allegedly tortious conduct does not constitute an "unlawful act" under D.C.'s narrow unfair competition law; (2) our Circuit Court precedent forecloses unfair competition claims predicated on the competitive advantage derived from a public figure's prominence; and (3) Cork cannot sue in tort to enforce a contract (the GSA lease) to which it is not a party. OPO Mot. to Dismiss 7–15; Pres. Trump Mot. to Dismiss 9–14. President Trump's defense rests on the additional federal law grounds that, as President, he is entitled to absolute immunity from Cork's lawsuit, and that Cork's claim is preempted under the Constitution's Supremacy Clause, which precludes D.C. from directly regulating federal officials. Pres. Trump Mot. to Dismiss 4–9. Cork opposed defendants' motions to dismiss on March 12, 2018, *see* [Dkt. # 34], and OPO and the President filed their reply briefs on March 19, 2018, *see* [Dkt. ## 35–36]. On September 25, 2018, the parties presented their oral argument on the motions to dismiss.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations," but it does

4

need "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and internal quotations marks omitted). A facially plausible claim requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The Court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor[.]" *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014). The Court "need not, however, accept inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (per curiam) (alterations and internal quotation marks omitted). Nor must it "accept legal conclusions couched as factual allegations." *Id.* (citing *Iqbal*, 556 U.S. at 678). In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider not only the factual allegations in the complaint, but also any "documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim." *Harris v. Amalgamated Transit Union Local 689*, 825 F.Supp.2d 82, 85 (D.D.C. 2011).

## ANALYSIS

While appearing at first blush to be just another unfair competition action, there are constitutional questions of profound weight and import lurking within the contours of this case. Fortunately, however, the pending motions can be resolved without opening that Pandora's box of novel issues. Thus, for the reasons set forth below, I have concluded on

5

the merits that Cork has failed to state a claim of unfair competition under D.C. law and that defendants OPO's and President Trump's motions to dismiss must be **GRANTED**.[2]

## I.  Unfair Competition

Reflecting "our society's encouragement of 'aggressive economic competition,'" the tort of unfair competition is actionable at D.C. common law only in "limited" circumstances. *Econ. Research Servs., Inc. v. Resolution Econs., LLC*, 208 F.Supp.3d 219, 231 (2016) (quoting *Ray v. Proxmire*, 581 F.2d 998, 1002 (D.C. Cir. 1978)); *see also Scanwell Labs., Inc. v. Thomas*, 521 F.2d 941, 949 (D.C. Cir. 1975) (tort of unfair competition must be "limited in scope in a free market economy based on free and open competition for business"). The law does not enumerate "specific elements" which, if established, make out a cause of action for unfair competition. *Camarda v. Certified Fin. Planner Bd. of Standards, Inc.*, 672 Fed.Appx. 28, 30 (Mem) (D.C. Cir. 2016) (quoting *Furash & Co., Inc. v. McClave*, 130 F.Supp.2d 48, 57 (D.D.C. 2001)). Instead, the claim is defined "by the description of various acts that would constitute the tort if they resulted in damage." *Id.* These acts include "defamation, disparagement of a competitor's goods

---

[2] I therefore need not reach the federal immunity and preemption defenses that President Trump raises in his motion to dismiss. I note, however, that during the oral argument the parties agreed that neither absolute presidential immunity nor federal preemption are threshold issues that *must* be decided before reaching the merits. *See, e.g.*, *In re Sealed Case No. 99-3091*, 192 F.3d 995, 1000 (D.C. Cir. 1999) (issue of first impression need not be decided when "there is another ground upon which [the court] can dispose of th[e] case that does not raise constitutional concerns"); *United States ex rel. Long v. SCS Bus. & Tech. Inst., Inc.*, 173 F.3d 890, 894 (D.C. Cir. 1999) ("a less than pure jurisdictional question need not be decided before a merits question"); *Horne v. Coughlin*, 191 F.3d 244, 246 (2d Cir. 1999) ("[T]he Supreme Court has for generations warned against reaching out to adjudicate constitutional matters unnecessarily.").

or business methods, intimidation of customers or employees, interference with access to the business, threats of groundless suits, commercial bribery, inducing employees to sabotage, [and] false advertising or deceptive packaging likely to mislead customers into believing goods are those of a competitor.'" *B & W Mgmt., Inc. v. Tasea Inv. Co.*, 451 A.2d 879, 881 n.3 (D.C. 1982) (citing William Prosser, Handbook of the Law of Torts 956–57 (4th ed. 1971)).

The Amended Complaint, as defendants amply point out in their papers, does not identify any of the foregoing wrongful acts. Instead, Cork alleges that "it has been damaged by the unfair *advantage* that the Hotel has exploited because of its ownership by President Trump." Am. Compl. ¶ 31 (emphasis added). According to Cork, when the President took office, it and the Hotel ceased to compete "on a level playing field" due to President Trump's elevated official profile, an imbalance exacerbated by the deliberate efforts of White House personnel and others to promote and market the Hotel in order "to maximize its exposure and income-producing potential." *Id.* at ¶¶ 20, 33. After defendants moved to dismiss, however, Cork apparently recognized that while it may view President Trump's "failure to divest his ownership interest in the Hotel" as the "heart" of its complaint, it had to identify "a sufficiently discrete course of [wrongful] conduct" to support its theory of legal liability. Pl.'s Opp'n 16–17. To that end, Cork now emphasizes the Amended Complaint's passing characterization of defendants' alleged wrongdoing as "interfer[ence] with Cork's access to business." *Id.* at 17, 20 (citing Am. Compl. ¶ 33, which, in fact, alleges only that President Trump's ownership of the Hotel while President has "impair[ed]" Cork's "ability to compete with the Hotel"). Neither the allegations in

7

the Amended Complaint, nor the quasi-revisionist gloss placed on them in Cork's briefing, are sufficient, however, to state a claim for unfair competition. How so?

While there is no question that "interference with access to the business" is conduct that may support an unfair competition claim under D.C. law, *see B & W Mgmt., Inc.*, 451 A.2d at 881 n.3, "interference" in this context does not simply mean conduct that redounds to the detriment of the business of another; it means to interpose and hinder or impede one's access to business in a manner that is tortious. *See* Pl.'s Opp'n 17–18 ("a party may state a viable claim for unfair competition by alleging *tortious* interference with advantageous business relations" (emphasis added)); *Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 935 F. Supp.2d 101, 120 (D.D.C. 2013) (same). Here, Cork does not allege that defendants interfered with or hindered its business in a tortious or otherwise independently wrongful way. Cork does not, for example, accuse OPO or President Trump of acting to dissuade potential customers from patronizing Cork or somehow obstructing entry to Cork's location. *See* Complaint ¶¶ 70–78, *Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 153 (D.D.C. 2011) (1:10-cv-01167-JEB) (unfair competition claim stated where plaintiff alleged, *inter alia*, that defendant disparaged plaintiff's business methods to third parties and intimidated plaintiff's employees and business partners); Prosser, Handbook of the Law of Torts, at 956 ("interference with access to the business" means "obstruct[ing] . . . the means of access to the place of business").

Instead, Cork's complaint, at its core, is that defendants are acting to realize and maximize the competitive advantage and financial benefits available to them as a result of President Trump's heightened notoriety since taking office. To Cork, these efforts are

8

distasteful and unseemly, if not unethical. Indeed, they may even have cost Cork some money (although causation is far from clear on the face of the Amended Complaint). But even if Cork's offense is well taken, its objection is not to a legally redressable wrong. Its objection is to "the process known as competition, which though painful, fierce, frequently ruthless, sometimes Darwinian in its pitilessness, is the cornerstone of our highly successful economic system." *Speakers of Sport, Inc. v. ProServ, Inc.*, 178 F.3d 862, 865 (7th Cir. 1999).

Unfortunately for Cork, "[c]ompetition is not a tort." *Id.* Nor should it be. To hold actionable Cork's allegations in this case, I would be condemning a broad swath of legitimate business conduct. *See Econ. Research Servs.*, 208 F.Supp.3d at 231 (the presence of "legitimate business motives" relieves a defendant of unfair competition liability for "engaging in activities designed solely to destroy a rival"). I would be foreclosing all manner of prominent people—from pop singers to celebrity chefs to professional athletes—from taking equity in the companies they promote.[3] Indeed, I would be reading the "unfair" right out of "unfair competition." This I cannot do!

Moreover, even if I were inclined in Cork's favor, I would still be bound by our Circuit Court's decision in *Ray v. Proxmire*, 581 F.2d 998 (D.C. Cir. 1978). In that case, Ray alleged, *inter alia*, that Proxmire's tour and hospitality service unfairly competed with Ray's similar business by trading on the prestige and contacts that Proxmire had as the wife

---

[3] *See, e.g.*, The Telegraph, *Superstars don't just endorse a brand . . . now they want to own the business too*, July 9, 2016, *available at* https://www.telegraph.co.uk/business/2016/07/09/superstars-dont-just-endorse-a-brand-now-they-want-to-own-the-bu/.

of the very senior sitting United States Senator from Wisconsin: William Proxmire. *Id.* at 1002–03. Ray claimed that Proxmire secured customers by using her influence and prominence to provide tourists with access and opportunities—"special tours" to "places normally inaccessible to other groups" like the vice-presidential mansion and Senate office buildings—that Ray's company simply could not offer. *Id.* The district court dismissed Ray's unfair competition claim with prejudice, and our Circuit Court affirmed. In our Circuit Court's view, Ray's claim ran headlong into "the insuperable difficulty . . . that simple use of one's status in society is not itself illegal." *Id.* at 1003. Thus, while as a normative matter "personal gain should flow from individual ability and effort not merely from perceived rank," the judicial role "is limited to redress of legally-cognizable wrongdoing, and financial success does not become unlawful simply because it is aided by prominence; nor could it be, without locking the famous out of the economy." *Id.* This case is no different. "[H]owever reprehensible it might be through political influence to use public [office] for private gain, that evil cannot provide a basis for" Cork's unfair competition claim here. *Id.*

Faced with the foregoing precedential roadblocks, Cork responds that the common-law tort of unfair competition is "constantly evolving" and "has evolved considerably since" 1978, when our Circuit decided *Ray*. Pl.'s Opp'n 18, 24. That the doctrine is "evolving" in a broad sense is not terribly illuminating, as the common law by its very nature changes over time. *See, e.g.*, *Hamdan v. Rumsfeld*, 548 U.S. 557, 691 (2006) (Thomas, J., dissenting) ("the nature of the common law" is "by definition, evolv[ing] and develop[ing] over time"); *Al Bahlul v. United States*, 767 F.3d 1, 57 (D.C. Cir. 2014)

10

(Brown, J., concurring in part and dissenting in part) (describing "all common law" as "an evolving process"). To be sure, the tort of unfair competition in D.C. is somewhat unique in that it is defined not by "specific elements" but by reference to a non-exhaustive list of wrongful conduct. *See Camarda*, 672 Fed. Appx. at 30; *B & W Mgmt., Inc.*, 451 A.2d at 881 n.3. But, while the contours of D.C.'s unfair competition law may not be strictly and finally settled, it is plain that they do not extend to the allegations in the Amended Complaint. *Ray* says as much, and its reasoning is sound. Cork cites no authorities suggesting that *Ray* is no longer good law, and its attempts to distinguish *Ray* on the facts fall short. *See* Pl.'s Opp'n 24–26. "Where the District of Columbia Court of Appeals has not addressed the issue, [the Court] will not expand the scope of the tort of unfair competition recognized in existing case law." *Unidisco, Inc. v. Schattner*, 824 F.2d 965, 968–69 (Fed. Cir. 1987).

Finally, the parties spill a great deal of ink over the significance *vel non* of Section 37.19 of OPO's lease with GSA. Depending on who you ask, OPO's alleged breach of Section 37.19 is either an indispensable component of Cork's claim, *see* OPO Mot. to Dismiss 9–13; Pres. Trump Mot. to Dismiss 12–13, or a nonessential yet illustrative example of D.C.'s "understanding of fair competition norms," Pl.'s Opp'n 24. There is no need, however, to resolve this issue under these circumstances. Even assuming Cork's complaint does not turn on OPO's alleged breach of the lease, I still find that Cork has failed to state a claim for unfair competition under D.C. law.

## CONCLUSION

Thus, for all of the foregoing reasons, defendants' motions to dismiss are **GRANTED** and this case is **DISMISSED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued herewith.

RICHARD J. LEON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **K&D, LLC t/a CORK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 17-731 (RJL)** |
| | ) | |
| **TRUMP OLD POST OFFICE, LLC,** | ) | |
| | ) | |
| **and** | ) | **FILED** |
| | ) | |
| **DONALD J. TRUMP,** *individually, and* | ) | **NOV 2 6 2018** |
| *in his personal capacity*, | ) | Clerk, U.S. District & Bankruptcy |
| | ) | Courts for the District of Columbia |
| **Defendants.** | ) | |

**ORDER**
(November 2⁶, 2018) [Dkt. ## 31, 32]

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that defendants Trump Old Post Office, LLC's and President Donald

J. Trump's Motions to Dismiss [Dkt. ## 31, 32] are **GRANTED** and this case is

**DISMISSED**.

SO ORDERED.


RICHARD J. LEON
United States District Judge